Lawrence, J.
When a similar application was made by this relator last year, Mr. Justice Van Brunt, in granting the application, said [Reported, People ex rel Gillaine v. Haughton 3 How. Pr. Rep., N. S., 135.] : “ An examination of this section shows that this restriction only applies to the hours during which the building is being used for public performances, and the selling of liquors at all other times in such a building is no violation of the act, and that the excise license is in no way affected by a violation of the prohibition contained in the act, the only license affected being the public amusement license. As, therefore, the sale of liquors in such a building in no way contravenes any statute during a large part of the time, and as the penalty for a violation of the Public Amusement Act effects the public amusement license only, andinno way affects the excise license, it seems clear to me that the fact that a building is used during some part of the time as a place of public amusement affords of itself no valid ground for the refusal of an excise license. If the licenseé violates the Public Amusement Act, that act fixes the penalty, which in no way relates to the rights conferred by the excise license.”
*319 There has been no change in the law since that decision was rendered, which affects the question presented by this application.
The decision in the cases of The Mayor, etc., v. Eden Musee, etc., Co.. The Mayor, etc., v. Gould and The People ex rel. Hamlin v. The Board of Excise Commissioners do not support the construction of the statute contended for by the respondent’s counsel, inasmuch as they relate to the construction to be giveh to the Public Amusement Act.,
For these reasons I am of the opinion that the motion for a peremptory writ of mandamus should be granted.